

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY LEE YARBROUGH, <br> Plaintiff, | FEDERAL TORT CLAIMS ACT <br> 28 U.S.C. §§ 1346(b), 2671 et seq. |
| v. | CIVIL ACTION NO. <br> 1:06-CV-0158-TWT-CCH |
| UNITED STATES, <br> Defendants. | |

## ORDER and OPINION

The Magistrate Judge on February 24, 2006, issued an Order that denied Plaintiff in forma pauperis status and required him to pay the full $250.00 filing fee. (Doc. No. 4.) In that Order, the Magistrate Judge found that Plaintiff had sufficient funds to pay the full $250.00 filing fee and stated, "According to the prison official's certification, Plaintiff's inmate account has a current balance of $345.08, and, for the six-month period immediately preceding the filing of this complaint, the account has had an average monthly balance of $563.54 and an average monthly deposit of $861.40." (Id.)

In a letter response, Plaintiff protests that the filing fee exceeds the amount of damages that he seeks. (Doc. No. 5.) Plaintiff does not contest the correctness of the prison official's certification, but asserts that his prison account consists of gifts and the filing fee is not something he can afford. (Id. at 2.) Plaintiff states, "If you find

my request is still unwarranted than [sic] I pray God measure and mete unto the Bureau of Prisons according to their works, as he judges the mighty and the meek. Otherwise, I withdraw." (Id.)

Section 1915 of Title 28, governing in forma pauperis proceedings, allows prisoners to proceed with a law suit without prepaying the filing fee. Not requiring prepayment, however, does not relieve a prisoner of his or her obligation to pay the full filing fee as the funds become available in his prisoner account. 28 U.S.C. § 1915(b)(1). Thus, under 28 U.S.C. § 1915(b)(1), this Court must assess an initial partial filing fee of 20% on the greater of either Plaintiff's average monthly deposit or his average monthly balance for the six-month period immediately preceding the filing of the complaint. Thereafter, monthly payments shall be assessed until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff does not contest the correctness of the prison official's certification that his current account balance is $345.08, and, based on that amount, he is able to pay the full filing fee. Notably, even if Plaintiff were granted in forma pauperis status, he would be required to pay an initial partial filing fee of $172.00 (20% of Plaintiff's average monthly deposit) and would be assessed monthly payments until the full $250.00 was paid. It appears that Plaintiff misunderstood in forma pauperis status and

2

that he protests the $250.00 amount that he must pay in filing fees rather than his not being allowed to pay a $172.00 initial partial filing fee followed by subsequent monthly assessments until the $250.00 is paid in full. In light of the nature of Plaintiff's protest and his reference to withdrawal, the letter response is construed as a motion to voluntarily dismiss this action. That motion shall be granted without prejudice to Plaintiff's right to seek reconsideration. In the event Plaintiff wishes to pay the filing fee and proceed with this action, he may seek reconsideration within ten days of the entry date of this order. See Fed. R. Civ. P. 59.

Accordingly, **IT IS ORDERED** that Plaintiff's construed motion to voluntarily dismiss this action is **GRANTED**, and this action is **DISMISSED** without prejudice.

**IT IS SO ORDERED**, this __3__ day of __April__, 2006.

```
                                    /s/ Thomas W. Thrash
                                     THOMAS W. THRASH, JR.
                                    UNITED STATES DISTRICT JUDGE
```

AO 72A
(Rev.8/82)